Florence LYKINS, Appellant,

v.

MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellee.

No. 14198.

United States Court of Appeals Sixth Circuit.

Dec. 15, 1960.

Edward P. Reeder, Cincinnati, Ohio (Edward P. Reeder; Vogel & Reeder, Cincinnati, Ohio, on the brief), for appellant.

Robert N. Gorman, Cincinnati, Ohio (Robert N. Gorman, David N. Gorman, Gorman, Davis & Hengelbrok, Cincinnati, Ohio, on the brief), for appellee.

Before McALLISTER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

WEICK, Circuit Judge.

The action in the District Court was brought by the beneficiary of two life insurance policies to recover the amount of the double indemnity accidental death benefits provided for therein. The ordinary life benefits had been paid. The case was submitted to a jury which returned a verdict in favor of the defendant.

The plaintiff appealed to this Court claiming that the Trial Judge erred in the admission and exclusion of evidence and in his instructions to the jury.

The policies provided for double indemnity benefits only where death resulted from bodily injury sustained solely and independently of all other causes through external, violent and accidental means and did not result directly or indirectly from bodily or mental infirmity or disease of any sort.

The insured was a 72 year old retired physician who was blind and had been declared mentally incompetent due to a chronic brain syndrome arising from advanced arteriosclerosis. He fell to the floor in his bedroom fracturing his left hip. He was taken to the hospital where the fracture was reduced and he died in the hospital about two weeks later of pneumonia. The final diagnosis on the hospital records was "fracture intertrochanter left femur" and the secondary diagnosis was "possible cerebral vascular thrombosis." The death certificate gave pneumonia as the immediate cause of death and the conditions which gave rise to the above cause as "immobilization for fractured hip" and the underlying cause as "fall secondary to vascular accident."

The only witness to the alleged accident was the insured's brother who testified as indicated in the footnote.[1]

---

1. "Well, the best I can, he walked up to an iron bedstead, took a hold of it with both hands. Right at the corner of the bedstead, and stood there, I expect something near ten minutes. And he started around to a window in the back end, which he always done, walked around the bedstead, after he come in from walking he walked to the back window, where he could see out, and had a-hold of the bedstead with both hands.

"Well when this—started to fall, he held with both hands, till he got about halfway down; and then his left hand give loose; and he held to the right, till he got about half or a little further and the other one give loose and he fell on the floor, right by the side of the bedstead, on the opposite side, on the left side of his hip and the left hip, he broke

At the close of plaintiff's evidence defendant moved for a directed verdict which was renewed at the close of all of the evidence. The Trial Judge, in denying the motions, said "Well, I say, I agree with you fully but I still want a verdict of the jury."

In our judgment, the Trial Judge should have directed a verdict in favor of the defendant. The burden of proof was upon plaintiff to prove by a preponderance of the evidence, that the death of the insured resulted from bodily injury sustained solely and independently of all other causes through external, violent and accidental means. Plaintiff did not sustain this burden. There was no evidence in the record that insured's fall was occasioned by any accident. He did not trip or stumble. He merely fell to the floor, although he was holding on to the bedstead with both hands. It clearly appears that the fall was caused or at least contributed to by the infirmities or diseases with which the insured was afflicted. While the attending physician, who made out the death certificate, testified at the trial that the language in the death certificate "secondary to vascular accident" was a hypothesis on his part, yet he regarded it as sufficient importance to include in the certificate. There was no dispute over the fact that the insured was suffering from these diseases and infirmities or over the manner in which he fell. Since these diseases and infirmities caused or at least contributed to his death, his beneficiary was not entitled to recover the double indemnity accidental death benefits provided for in the policies.

In view of this disposition, we do not reach the errors assigned by appellant. The judgment of the District Court is affirmed.

the left hip, while he was standing here, he turned plumb over; turned over a holding to this bedstead, and broke the left hip in the place of the right."